Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4630 | **DATE** | 05/25/2012 |
| **CASE TITLE** | Amerson v. The City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Enter rulings on pending motions in limine. The motions [51, 53, 54, 55, 56] are granted in part and denied in part as set forth below. *AK*

■ [ For further details see text below.]  Docketing to mail notices.

## ORDER

### RULINGS ON PLAINTIFF'S MOTIONS IN LIMINE

1. **Motion # 1 To Bar Any Reference to Plaintiff's Criminal Background**

   Granted in part and denied in part. Plaintiff's motion to bar his felony convictions within the last 10 years is denied; they are admissible for credibility and impeachment purposes. However, Plaintiff's request to exclude the specific name of the 2005 charged felony, aggravated cruelty to animals, as unnecessarily inflammatory, is taken under advisement and is to be decided at the pre-trial hearing.

2. **Motion # 2 To Bar Improper Bolstering of the Defendants.**

   Motion taken under advisement and to be decided in context of trial evidence.

3. **Motion # 3 To Bar Any Reference to the Criminal Prosecution and Disposition for the Underlying Offense**

   Denied.

4. **Motion # 4 To Bar Any Reference to Plaintiff's Possession of a Handcuff Key**

   Denied.

# ORDER

## RULINGS ON DEFENDANTS' MOTIONS IN LIMINE

1. **Motion # 1 To Exclude Non-Party Witnesses From the Courtroom**

   Granted.

2. **Motion # 2 To Bar Plaintiff From Calling Any Witnesses In His Case-in-Chief That Were Not Disclosed in his Fed. R. Civ. P. 26(a) Disclosures**

   Granted.

3. **Motion # 3 To Bar Plaintiff from Referring or Mentioning a Generalized "Code of Silence" or Any Other Generalized Testimony Regarding a Propensity or Predisposition of Police Officers to Lie or Cover Up Their Actions**

   Granted. However, Plaintiff is not barred from suggesting that a witness is biased because of his/her relationship to another witness.

4. **Motion # 4 To Bar Plaintiff From Asserting or Implying Indemnification of Defendant Officers**

   Granted.

5. **Motion # 5 To Bar Improper Arguments or Innuendos That Plaintiff Seeks to Punish, Warn, Discourage, or "Send a Message" to the City of Chicago and the Police**

   Granted in part and denied in part. The Court notes that plaintiff is seeking punitive damages and the jury instruction for punitive damages includes language that such damages are for the purpose of punishing the individual defendants, not the City of Chicago. Seeking to punish and discourage only applies to individual defendants.
   Granted as to the use of "Send a Message" or any similar phrase.

6. **Motion # 6 To Bar Plaintiff From Identifying Defendants' Attorneys as "Corporation Counsel," "City Attorneys," or any other Designation Suggesting Indemnification**

   Granted.

7. **Motion # 7 To Bar Reference to the Disciplinary History of the Defendant Officers**

   Granted.

| ORDER |
|---|

8.    Motion # 8 To Bar Evidence, Argument, or Reference to the "IPRA," "Office of Professional Standards," "Internal Affairs," Internal Investigation into Police Misconduct, or Similar Reference.

   Granted in part and denied in part. Denied as it relates to the purpose of impeachment.

9.    Motion # 9 To Bar Plaintiff From Providing Medical or Scientific Testimony Regarding his Injuries, Including the Use of Medical Terms.

   Granted. However, Plaintiff may describe his injuries tot he jury and other witnesses may describe what they observed regarding the injuries, as well.

Date: May 30, 2012

                                          *Arlander Keys*
                                  Magistrate Judge Arlander Keys
                                  United States District Court